## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIC ALLEN PATTON,       )
      )
    Plaintiff,       )
      )
vs.       )     Case No. CIV-06-0591-F
      )
JUSTIN JONES, in his capacity as       )
Director Oklahoma Department of       )
Corrections, et al.,       )
      )
    Defendants.       )

## ORDER

Defendants' "Motion to Dismiss," filed July 13, 2006, is before the court. (Doc. no. 14.)  Plaintiff has responded, and the motion is ready for determination.

### I.  Background

This action is brought  by plaintiff, Eric Allen Patton, a prisoner sentenced to death by the State of Oklahoma.  Defendants are Justin Jones, sued in his capacity as Director of the Oklahoma Department of Corrections; Marty Sirmons, sued in his capacity as Warden of the Oklahoma State Penitentiary; and unknown executioners who are sued in their official capacities as employees or agents of the Oklahoma Department of Corrections.

The action challenges the procedure for carrying out Oklahoma's statutory method of execution, which is lethal injection.  Mr. Patton alleges that defendants and the Oklahoma Department of Corrections have designed a procedure for execution by lethal injection which unnecessarily risks conscious suffering and pain during execution and that the state deliberately ignores and is indifferent to the health and safety of the condemned prisoner.  The action is brought pursuant to 42 U.S.C. §1983,

to redress the threatened violations of the right of Mr. Patton to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, and for Mr. Patton's right to be free from arbitrary and capricious Department of Corrections procedures and protocols under the Fifth and Fourteenth Amendments to the United States Constitution.

## II.  Discussion

Defendants asks the court to dismiss this action under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.[1]  Defendants contend that this action fails to state a claim for relief because it is barred by the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel), and by laches.

## A.  Standards

The standard for evaluating a motion to dismiss brought pursuant Rule 12(b)(6) is well established.   Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  The court must construe the plaintiffs' allegations liberally because the rules require only general or notice

---

[1]Although defendants' brief references materials from proceedings before the Oklahoma Court of Criminal Appeals in Eric Allen Patton v. State of Oklahoma, D-1996-1460, this court may take judicial notice of those materials and it is therefore not necessary to convert the motion to dismiss to a motion for summary judgment. See, Tal v. Hogan, 2006 WL 1775371, *19 (10th Cir. 2006) (court may take judicial notice of its own files and records as well as facts which are a matter of public record without converting the motion, so long as the documents are only considered to show their contents and not to prove the truth of matters asserted in them); 18 Moore's Federal Practice §131.50[2] ("Courts will usually permit defenses based on the preclusion doctrines to be raised and determined [under Rule 12(b)(6)] if the grounds for preclusion appear on the face of the complaint or consist of matters of which the court can take judicial notice."); "Particular Types of Facts Which may be Judicially Noticed," 12 Fed. Proc., L. Ed. § 33:69 ("Federal courts may take judicial notice of proceedings outside the federal judicial system if the proceedings have a direct relation to the matters at issue.  Accordingly, federal courts have taken judicial notice of court records, acts, and proceedings in state court cases....").  There is also good reason to allow the materials without converting the motion here, because all parties rely on the same documents without objection.

pleading rather than detailed fact pleading, so as to do substantial justice.  United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980).  A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## B.  Preclusion Doctrines

Defendants' claim preclusion and issue preclusion arguments are based on the contention that the Oklahoma Court of Criminal Appeals recently denied plaintiff's Eighth Amendment claim on its merits so that this action constitutes a second attempt to argue the same claim.[2]  In determining whether a state court judgment precludes a subsequent action in federal court, the federal court gives the state court judgment the same preclusive effect as would the courts of the state issuing the judgment.  Reed v. McKune, 298 F.3d 946, 949-50 (10th Cir. 2002).  As developed by the Oklahoma courts, the central elements of claim and issue preclusion are well known.  Feightner v. Bank of Oklahoma, 65 P.3d 624, 629 (Okla. 2003).  *Claim preclusion* bars relitigation by parties or their privies of issues which either were or could have been litigated in a prior action which resulted in a prior judgment on the merits.  *Id*.  In other words, where the two causes of action are the same, the first judgment is a complete bar to the second action.  *Id*.  *Issue preclusion* requires, at a minimum, that the party against whom it is being asserted was either a party to or a privy of a party

---

[2]Defendants contend that plaintiff has had four prior opportunities to bring this challenge. Defendants describe the four proceedings as a direct appeal of Mr. Patton's criminal conviction and sentence, an action seeking collateral relief in an application for post-conviction relief, a habeas corpus action against the warden of the state penitentiary, and recent proceedings in the Oklahoma Court of Criminal Appeals after plaintiff filed a document entitled "Objection to Setting of Execution Date" in that court. (Moving brief, pp. 3, 6.) Defendants' briefing makes clear, however, that it is only the recent proceedings in the Court of Criminal Appeals which defendants argue preclude this action.

to the prior action, and that the issue subject to preclusion have actually been adjudicated in the prior case in which the issue was necessary or essential to its outcome, but the doctrine does not require successive causes of action to be the same. *Id*. As these descriptions make clear, the elements of both doctrines require, at the least, a cause of action (or claim) and a judgment on the merits of that cause of action (or claim).[3]  Additionally, for either doctrine to apply, the party against whom the doctrine is interposed, or someone in privity with that party, must have had a full and fair opportunity to litigate the claim or critical issue.  *Id*.[4]

As defendants base their preclusion arguments on the recent proceedings in the Oklahoma Court of Criminal Appeals, the first step in determining whether  those proceedings are preclusive, is to determine their precise nature.

Plaintiff's request for relief in the Court of Criminal Appeals is entitled "Objection to Setting of an Execution Date." (Moving brief, Ex. 2.)  That objection begins as follows:  "The State of Oklahoma has requested this Court set an execution date for Eric Allen Patton.  Mr. Patton hereby objects to the setting of an execution date for the reasons set forth below."  (Moving brief, Ex. 2, p.1.)  The "reasons set forth below," include the merits of Mr. Patton's Eighth Amendment challenges to Oklahoma's execution protocol.  Mr. Patton's reply brief in the Court of Criminal Appeals, apparently filed in response to the State's response to Mr. Patton's objections, also addresses the merits of his Eighth Amendment challenge.  (See

---

[3]For purposes of this order, the court uses the terms "cause of action," "action," and "claim," interchangeably.

[4]The same elements are recognized in federal case law.  *See*, *e.g.*, MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005) (claim preclusion elements described under "Tenth Circuit law"); B-S Steel of Kansas, Inc. v. Texas Industries, Inc., 439 F.3d 653, 662 (10th Cir. 2006) (issue preclusion described).  As Oklahoma preclusion law and federal preclusion law do not differ in any respects which are material here, the result of defendants' preclusion arguments is the same under either body of law.  The parties appear to agree, as their briefs cite state and federal law.

moving brief, Ex. 3.)   However, Mr. Patton's briefs before the Court of Criminal Appeals do not ask that court for a ruling on the merits of his Eighth Amendment challenge.   Rather, Mr. Patton's briefs clearly set out his intention to formally allege his Eighth Amendment claim in the instant federal court action, even going so far as to attach his proposed federal complaint and civil cover sheet to his Objection to Setting Execution Date.  (Moving brief, Ex. 2, p. 8 and attachment "E.")  As reiterated at the end of his objection, the relief which Mr. Patton requested from the Court of Criminal Appeals was to "deny the request for the setting of an execution date until issues concerning Oklahoma's lethal injection protocol can be resolved" in the federal courts.  (Moving brief, Ex. 2, p. 13 describing pending federal court litigation, p.14 stating request for relief.)

The Court of Criminal Appeals' two-page order, which denied plaintiff's objection, suggests that plaintiff's objection was filed in response to the State's application to set an execution date.[5]  After setting out procedural history, the Court of Criminal Appeals' order describes Mr. Patton's objections as follows:  "In his Objection to the Setting of an Execution Date, Appellant argues that Oklahoma's lethal injection protocol violates the Eighth Amendment prohibition against cruel and unusual punishment.  Appellant asserts that pending litigation in the federal courts challenges Oklahoma's execution protocol, and asks this Court to stay any execution date until that litigation has been resolved."   The order then notes, in a short paragraph, that the Court of Criminal Appeals had recently addressed and rejected "[t]his very claim," in Malicoat v. State, 2006 OK CR 25, __ P.3d.__.   The Court of

---

[5]The Court of Criminal Appeals' order states that "[o]n May 30, 2006, the State of Oklahoma filed an Application for Execution Date with this court.  (Moving brief, Ex. 1, p. 2.)  That same day, Appellant [Mr. Patton] filed an Objection to Setting of an Execution Date on June 5, 2006." (Moving brief, Ex. 1, p. 2.)  The order goes on to note that the State filed a response to the objection and that Mr. Patton filed a reply to the State's response.  (Moving brief, Ex. 1, p.2.)  The correctness of this filing history is not critical to this order.

Criminal Appeals order states: "Therefore, pursuant to this court's finding in Malicoat, we deny Appellant's objection to the setting of an execution date and request for a stay of execution." The order concludes by setting an execution date of August 29, 2006. (For all quotations, this paragraph, from the Court of Criminal Appeals' order, see moving brief, Ex. 1, p. 2.)

Having carefully considered the nature of the proceedings before the Oklahoma Court of Criminal Appeals as reflected in the documents attached to defendants' motion, this court finds and concludes as follows. To the extent that the merits of Mr. Patton's Eighth Amendment challenge were raised in the Court of Criminal Appeals, they were raised in briefing, as argument. Plaintiff's Objection to Setting of Execution Date was an objection to the setting of an execution date and a request to refrain from setting an execution date. The objection was not a petition, or an action, or a lawsuit, or a claim, or a pleading (in the strictest sense of that word), or a cause of action. *Cf.*, 12 O.S. 2001 § 2003 ("A civil action is commenced by filing a petition with the court.").[6]

The court further finds and concludes that because there was no cause of action, it necessarily follows that there was no final judgment on the merits of any cause of action. Defendants' argument that the order which the Court of Criminal Appeals entered actually denied plaintiff's Eighth Amendment challenge on its merits does not change this court's conclusions in any respect. Even assuming for purposes of argument that it was the intention of the Court of Criminal Appeals to rule *preclusively* on the merits of Mr. Patton's Eighth Amendment claim (an assumption

---

[6]Even without an underlying cause of action, the merits of Mr. Patton's Eighth Amendment challenge were material to the proceedings before the Court of Criminal Appeals and therefore appropriately covered in the briefs. The merits of the Eighth Amendment challenge went to the question of whether Mr. Patton's objections to the setting of an execution date were merely frivolous or brought only for the purpose of delay.

that appears to be dubious at best[7]), that intention would not change the fact that there was no final judgment on the merits of that issue.  The Court of Criminal Appeals could entertain briefs on the issue (which it did), and it could express a view on the issue (which it did), and it could cite its rejection of the same argument in another decision as grounds for denying Mr. Patton's request to refrain from setting an execution date (which it did).  The Court of Criminal Appeals could not, however, preclusively adjudicate the merits of a cause of action which was not before it.

Accordingly, the court determines that the elements necessary for claim preclusion or issue preclusion to operate--which fundamentally include at least a cause of action and a judgment on the merits of that cause of action--are not present here. In the recent proceedings before the Oklahoma Court of Criminal Appeals, there was no underlying cause of action alleging Mr. Patton's Eighth Amendment challenge to Oklahoma's method of execution, much less a cause of action which shared any identity with the cause of action alleged in the instant action.  Furthermore, the order of the Court of Criminal Appeals which defendants rely upon for preclusive effect was not a final judgment on the merits of Mr. Patton's Eighth Amendment claim.

One more point requires discussion.  Even if the required elements of claim preclusion or issue preclusion were present, the court would still be required to consider whether the parties had a full and fair opportunity to litigate plaintiff's Eighth Amendment claim in the proceedings before the Court of Criminal Appeals.  Once an action is filed and service is effected in Oklahoma's courts, a panoply of procedural and substantive due process rights are afforded to the parties.  These rights include, for example, protections provided by rules of civil procedure, by discovery rules, by

---

[7]This court notes the Court of Criminal Appeals' statement in its order that the issue of whether Oklahoma's lethal injection protocol violates constitutional limitations on cruel and unusual punishment is an issue which "is being litigated separately in the federal court system...."  (Moving brief, Ex. 1, p.2.)

the rules of evidence, and by the rules and procedures which govern briefing and the determination of issues in Oklahoma's various courts including its appellate courts. Because there was no Eighth Amendment cause of action before the Court of Criminal Appeals, many of the rights or protections which apply to the formal adjudication of a cause of action never attached to plaintiff's Eighth Amendment arguments during the proceedings in that forum.[8]   For these and other reasons, this court finds and concludes that plaintiff's Eighth Amendment contentions were not litigated in the Court of Criminal Appeals in the manner required for the application of the preclusive doctrines upon which the defendants rely.

In short, although defendants argue that "[p]laintiff just finished litigating his Eighth Amendment claims in the Court of Criminal Appeals" (moving brief, p.2), this characterization is correct only in the loosest sense of "litigating." Plaintiff may well have "just finished" *arguing* his Eighth Amendment claims in the Court of Criminal Appeals.  But the criteria which the preclusion doctrines appropriately require to be strictly met before those doctrines will operate as an absolute bar to subsequent litigation are not satisfied by motions or arguments or orders which discuss a claim in the context of a request to set or not set an execution date.

For all of these reasons, any one of which would be a sufficient basis for denial of the motion, the court finds and concludes that neither claim preclusion nor issue preclusion operates here and that defendants' motion to dismiss on those grounds should be denied.

---

[8]For example, protections apply to an application for post-conviction relief under the Post-Conviction Procedure Act, 22 O.S. § 1080 et seq.  Court of Criminal Appeals Rule 9.7 D(6), entitled "Post-Conviction Procedures in Capital Cases," provides that if controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, the Court of Criminal Appeals shall enter an order to the district court that imposed the sentence, designating the issues of fact to be resolved and the method by which the issues shall be resolved.

## C.  Laches

Laches is an affirmative defense which requires the asserting party to demonstrate that there has been an unreasonable delay in asserting the opposing party's claim and that the asserting party was materially prejudiced by that delay. Jacobsen v. Deseret Book Co., 287 F.3d 936, 949 (10th Cir. 2002).  The laches defense raises fact questions regarding the existence of any delays, the reasons for any such delays, the prejudice created by any delays, and the balance of equities.  These issues cannot be determined on a motion to dismiss.  Accordingly, defendants' motion to dismiss this action based on laches should be denied.

## III.  Conclusion

For all of these reasons, after careful consideration of the parties' submissions, the record, and the relevant authorities, defendants' motion to dismiss is **DENIED**.

Dated this 4th day of August, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0591p004(pub).wpd